IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK STEVEN TOMEY, SR.           *
                                 *
     v.                          *       Civil Case No. CCB-15-860
                                 *
COMMISSIONER, SOCIAL SECURITY    *
                                 *
*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the Commissioner's Motion to Dismiss, and the Response filed by Mr. Tomey, who appears *pro se*. [ECF Nos. 10, 12]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the Commissioner's motion be granted, and that the case be dismissed as untimely filed.

On January 8, 2015, the Appeals Council mailed Mr. Tomey notice of its decision denying his request for review of a favorable decision issued by an Administrative Law Judge ("ALJ").[1] Hartt Decl. Ex. 2. That notice also advised Mr. Tomey of his statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g) and (h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Mr. Tomey has not alleged that he received the notice outside of

---

[1] The Administrative Law Judge granted Mr. Tomey disability benefits as of his amended alleged onset date of March 25, 2011. Hartt Decl. Ex. 1. Mr. Tomey's position before the Appeals Council was that the ALJ had pressured him unfairly into amending his alleged onset date, when in fact he had been disabled from an earlier date. Mr. Tomey was represented by counsel throughout the ALJ proceedings. [ECF No. 12].

the statutory time period. He therefore had to file his civil action on or before March 16, 2015. Instead, Mr. Tomey filed his complaint eight days late, on March 24, 2015. [ECF No. 1]. Mr. Tomey's response in this case addresses the merits of his claims, but does not provide any reason for the tardy filing of his appeal. [ECF No. 12].

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000). Mr. Tomey has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case. As a result, equitable tolling is not warranted. Mr. Tomey filed his case after the statutory limitations period had run, and I therefore recommend that the Commissioner's Motion to Dismiss be granted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss [ECF No. 10]; and

2. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  November 6, 2015                                   /s/
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge